1

2

3

4

5

6

7

8

9

10

11

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 12     **COLLEGE OF THE SEQUOIAS FARM,** ) <br> **FOUR J FARMS, a California General** ) <br> **Partnership, and JONATHAN TODD** ) <br> **FERNANDES dba J. TODD** ) <br> **FERNANDES FARMS, individually and** ) <br> **on behalf of themselves and all others** ) <br> **similarly situated,** ) <br> ) <br>          **Plaintiffs,** ) <br> ) <br>          **vs**. ) <br> ) <br> ) <br> **WHITE GOLD ASSOCIATION, INC., a** ) <br> **California corporation, COSTA** ) <br> **COTTON  )  COMPANY, INC., a** ) <br> **California Corporation, MARK COSTA,** ) <br> **an individual, J. B. COTTON TRADING,** ) <br> **INC., a California corporation, CRAIG** ) <br> **TOBIN, an individual, and DOES 1 -50,** ) <br> ) <br>          **Defendants.** ) <br> ) <br> ) <br> _____ ) | **1:07-cv-00014 AWI** <br> **NEW(WMW)** <br> <br> <br> **ORDER REQUIRING** <br> **FURTHER BRIEFING RE** <br> **PETITION FOR ORDER** <br> **COMPELLING** <br> **ARBITRATION** |

25

26

27

28     Plaintiffs College of the Sequoias Farm ("COS Farm"); Four J Farms; and J. Todd

Fernandes dba J. Todd Fernandez Farms (collectively "Plaintiffs"), on behalf of themselves and all others similarly situated, have sued Defendants White Gold Association, Costa Cotton Company, Mark Costa, J. B. Cotton Trading, and Craig Tobin alleging, *inter allia*, conspiracy and fraud in connection with the marketing and sale of Plaintiffs' cotton.  The complaint sets forth the following causes of action:  1) Violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 - 1968 ("RICO") [§ 1962(b)];  2) violation of RICO,§ 1962(c); 3) violation of RICO, §1962(c); 4) Fraud - misrepresentation; 5) Fraud - concealment; 6) breach of fiduciary duty; 7) constructive fraud based on fiduciary relationship; 8) accounting; and 9) conversion.  The complaint was filed in Kern County Superior Court and has been removed to this court by Defendants.

Defendants have now filed a motion pursuant to 9 U.S.C. § 4, to compel Plaintiffs to an arbitration before the American Cotton Shippers Association ("ACSA").  Plaintiffs oppose the petition.

In connection with their opposition, Plaintiffs request  a jury trial on issues of fact presented in connection with their opposition to the petition for an order compelling arbitration.   Plaintiffs base their request on 9 U.S.C. § 4, which provides in part that, "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28 . . .  for an order directing that such arbitration  proceed in the manner provided for in such agreement."  Section 4 further provides,

> **If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue**, the court shall proceed summarily to the trial thereof. If no jury trial be demanded by the party alleged to be in default, or if the matter in dispute is within admiralty jurisdiction, the court shall hear and determine such issue. Where such an issue is raised, the party alleged to be in default may, except in cases of admiralty, on or before the return day of the notice of application,  demand a jury trial of such issue, and upon such demand the court shall make an order referring the issue or issues to a jury in the manner provided by the Federal Rules of Civil Procedure, or may specially call a jury for that purpose.  If the jury find that no agreement in writing for arbitration was made or that there is no default in proceeding

thereunder, the proceeding shall be dismissed.  If the jury find that an agreement for arbitration was made in writing and that there is a default in proceeding thereunder, the court shall make an order summarily directing the parties to proceed with the arbitration in accordance with the terms thereof.

In this case, Plaintiffs state that their request for a jury trial includes, but is not limited to, the following issues: 1) whether the allegations raised by Plaintiffs in their Complaint are within the scope of the trade dispute arbitration procedures referenced in the CCA By-Laws, and 2) whether there has been a "failure, neglect, or refusal" by Plaintiffs to arbitrate the claims raised in the Complaint.  Defendants oppose Plaintiffs' request for a jury trial.

In reviewing the parties' arguments, the court has concluded that Plaintiffs appear to be asserting an impossibility defense to the arbitration provision contained in  Section 11.14 of the CCA By-Laws .  This provision provides:

ARBITRATION: Any and all disputes between or among a member or members and the Association, and/or other members, whether arising in connection with or under the Membership and Marketing Agreement or in connection with the activities of the Association or otherwise, shall be subject to arbitration in accordance with the rules of the American Cotton Shippers Association.  By becoming a member of this Cooperative Association all members consent to arbitration and to said rules.

As Defendants note, Plaintiffs apparently seek to offer evidence to contradict this "any and all" language. claiming that the arbitration provision covers only "disputes as to matters of cotton "grade, quality, weights or fulfillment of contracts."  Defendants argue that evidence of such a limitation of the scope of the arbitration provision is barred by the parole evidence rule.

The court finds that resolution of the issue of the existence of an impossibility defense may moot the need for further analysis of the petition for order compelling arbitration.  The court further finds, therefore, that additional briefing from the parties is required.

Accordingly, IT IS HEREBY ORDERED as follows:

1)      Plaintiff shall, within fourteen (14) days of the date of service of this order, file and serve a supplemental brief addressing the existence of an impossibility defense to the

enforcement of the arbitration clause contained in Section 11.14 of the CCA By-Laws.  Plaintiffs shall also address the application of the parole evidence rule to any evidence used to support this impossibility defense.  Finally, Plaintiffs shall address the issue of the need for a jury trial as to any issues of fact connected with the impossibility defense.

2)   Defendants shall, fourteen (14) days after being served with Plaintiffs' supplemental brief, file and serve their own supplemental brief, addressing the same issues and responding to Plaintiffs' arguments.

3)   Plaintiffs may file a supplemental reply brief no more than eleven (11) days after service of Defendants' supplemental brief.

IT IS SO ORDERED.

**Dated:    April 18, 2007**                          _____/s/  William M. Wunderlich_____
                                                                  UNITED STATES MAGISTRATE JUDGE